# IN THE CIRCUIT COURT OF MARYLAND
# FOR BALTIMORE CITY

| | |
|---|---|
| MICHELLE HAYWOOD<br>4025 FREDERICK AVENUE, APT. #301<br>BALTIMORE, MD 21229<br>(Baltimore City, Maryland)<br><br>*on her own behalf and on behalf of*<br>*all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR CREDIT COMPANY, LLC<br>1335 S. CLEARVIEW AVENUE<br>MESA, AZ 85208<br>  Serve on:  The Corporation Trust Inc.<br>            351 West Camden Street<br>            Baltimore, MD 21201<br><br>Defendant. | JURY TRIAL DEMANDED<br><br><br><br>Case No. 24-C14001714 |

## CLASS ACTION COMPLAINT

Plaintiff Michelle Haywood ("Named Plaintiff" or "Haywood"), on her own behalf and on behalf of all others similarly situated, through her attorney Cory L. Zajdel, Esq. and Z LAW, LLC, hereby submits this Class Action Complaint against Defendant Ford Motor Credit Company, LLC ("FMCC") and for support states as follows:

### I. PRELIMINARY STATEMENT

1. Haywood institutes this class action against FMCC on her own behalf and on behalf of all others similarly situated for violating statutory and contractual obligations and seeks to recover actual damages, statutory damages, interest and the costs of this action against FMCC

for multiple violations of *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC") and Maryland Common Law.

2.  FMCC extends secured financing for personal property.

3.  FMCC takes assignment of secured financing for personal property.

4.  FMCC has extended secured financing for personal property to more than one thousand borrowers in Maryland each year from 2000 to the present.

5.  FMCC has taken assignment of secured financing for personal property to more than one thousand borrowers in Maryland each year from 2000 to the present.

6.  Each year from 2000 to the present, FMCC has extended secured financing to more than one thousand borrowers in Maryland through credit contracts electing CLEC as the governing law.

7.  Each year from 2000 to the present, FMCC has taken assignment of secured financing to more than one thousand borrowers in Maryland through credit contracts electing CLEC as the governing law.

8.  Each year from 2000 to the present, FMCC repossessed secured property originated from credit contracts electing CLEC from more than two hundred fifty borrowers.

9.  In the event its customer fails to reinstate the contract or redeem the personal property following repossession, FMCC sells the customer's personal property.

10. FMCC's routine business practice is to send its CLEC customers form notices of the plan to sell ("pre-sale notice") prior to the sale of personal property and form notices of the claimed deficiency ("post-sale notice") after the sale of the personal property in which it demands payment.

11. If a deficiency balance remains on the CLEC credit account after FMCC sells the personal property, FMCC pursues collection actions including referring credit accounts to collection attorneys, filing suit against FMCC customers for alleged deficiency balances, selling the open credit accounts to debt buyers or referring the credit account to debt collectors.

12. Through its use of deficient form pre-sale and post-sale notices, FMCC has deprived its CLEC customers of valuable rights mandated by Maryland law.

13. FMCC violated Maryland law by: (1) stating that the borrowers' cars would be sold at a public sale when, in fact, they are sold at private sales; (2) failing to provide the number of bids sought and received at the private sales; (3) failing to provide the names and addresses of the winning bidders at the private sales; and (4) failing to provide a statement about the condition of the vehicle at the time of repossession which would affect its market value.

14. FMCC's use of deficient form pre-sale and post-sale notices which omit material information required by Maryland law makes this case particularly suitable for resolution through a class action lawsuit.

## II.   - JURISDICTION

15. This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

16. This Court has personal jurisdiction over Defendant FMCC pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as FMCC systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, FMCC contracts to supply goods or services in Maryland, repossesses vehicles in Maryland and files lawsuits in Maryland's State Court System.

### III. PARTIES

17. Plaintiff Michelle Haywood is a natural person currently residing at 4025 Frederick Avenue, Apt. #301, Baltimore, MD 21214 (Baltimore City, Maryland).

18. Defendant FMCC is a Delaware Limited Liability Company doing business within this state and with its principle place of business located at 1335 S. Clearview Avenue, Mesa, AZ 85208.

### IV. FACTUAL ALLEGATIONS

19. On or about January 28, 2006, Haywood purchased a 2006 Ford Focus from Apple Ford in Howard County, Maryland.

20. Haywood obtained financing for the purchase of the 2006 Ford Focus through the dealership that sold her the vehicle, Apple Ford, which was memorialized in a Retail Installment Sale Contract ("RISC").

21. The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* CLEC).

22. Haywood purchased the 2006 Ford Focus primarily for personal, family and household purposes.

23. The RISC by which Haywood financed her purchase was assigned to FMCC.

24. The total amount financed in the RISC was $15,052.45.

25. FMCC accepted the assignment of the credit contract.

26. Throughout the life of the CLEC credit account, Haywood made numerous payments to FMCC.

27. FMCC received payments from Haywood totaling more than $17,500.00.

28. As part of the January 28, 2006 transaction, FMCC took a lien and security interest on the 2010 Jeep Compass.

29. FMCC and/or its agents seized and repossessed the 2006 Ford Focus on or before May 27, 2012.

30. The 2006 Ford Focus was seized and repossessed in Baltimore City, Maryland.

31. FMCC sent a pre-sale notice to Haywood telling her that the car would be sold at a public sale on July 24, 2012 at Manheim Baltimore Washington, 7120 Dorsey Run Rd, Elkridge, MD 21075 starting at 9:30am.

32. The pre-sale notice provided to Haywood was not accurate because the sale on July 24, 2012 was not a public sale, rather it was a private sale.

33. Prior to March 1, 2013, Manheim Baltimore Washington generally restricted attendance at its sales to only licensed automobile dealers.

34. Every other Tuesday ("Tuesday Sale") prior to March 1, 2013, however, Manheim Baltimore Washington opened its doors to individuals in addition to licensed automobile dealers but those individuals were required to satisfy certain conditions in order to attend and bid at the Tuesday Sale.

35. In order to attend and participate in the Tuesday Sale prior to March 1, 2013, a person other than a licensed automobile dealer was charged an admission fee of $1,000 which must be presented to Manheim Baltimore Washington in cash.

36. If an attendee purchased a vehicle at the Tuesday Sale prior to March 1, 2013, the $1,000 deposit was credited toward the purchase price of the vehicle.

37. If the attendee did not purchase a vehicle at the Tuesday Sale prior to March 1, 2013, the $1,000 deposit was returned by "Auction Check" to the person on Thursday, but was

not returned immediately and not returned in cash, a practice which created a significant barrier to attendance and participation by members of the public.

38. The pre-sale notice provided to Haywood does not disclose anywhere that a $1,000 cash deposit is required to attend the Tuesday Sale held on July 24, 2012.

39. Upon information and belief, prior to March 1, 2013 the Tuesday Sale was not attended by substantial numbers of persons other than licensed automobile dealers.

40. On information and belief, FMCC maintains an office at Manheim Baltimore Washington.

41. On information and belief, FMCC regularly had an employee attend the Tuesday Sale.

42. On information and belief, Baltimore Manheim Washington provided its Guidelines and Regulations for its Tuesday Sale to FMCC disclosing the $1,000 admission fee.

43. On information and belief, FMCC was aware of the $1,000 admission fee years prior to the sale of Haywood's vehicle at the Tuesday Sale.

44. On July 24, 2012, the date Haywood's 2006 Ford Focus was sold at Manheim Baltimore Washington, the Tuesday Sale was conducted in the manner alleged herein and was a private sale.

45. FMCC provided Haywood a post-sale notice on July 27, 2012 notifying Haywood that her 2006 Ford Focus was sold for $2,200.00.

46. FMCC's post-sale notice also notified Haywood that a deficiency balance existed on her credit account totaling $3,693.89.

47. The post-sale notice did not include information required under CLEC when a vehicle is sold at a private sale including: (1) the name and address of the purchaser; (2) the

number of bids sought; (3) the number of bids received; and (4) any information about the condition of the vehicle at the time of sale that would cause an increase or decrease above or below the market value for goods of like kind and quality.

48. FMCC made attempts to collect the claimed outstanding deficiency balance from Haywood after mailing the post-sale notice.

49. After the post-sale notice was mailed to Haywood, FMCC attempted to and did collect four payments of fifty dollars ($50.00) each totaling two hundred dollars ($200.00) on the alleged outstanding deficiency balance.

50. On May 17, 2013, FMCC filed a lawsuit against Haywood in the District Court of Maryland for Baltimore City attempting to collect the alleged outstanding deficiency balance on Haywood's CLEC credit account.

51. FMCC submitted documentary evidence and a sworn affidavit as evidence of its entitlement to the alleged outstanding deficiency balance on Haywood's CLEC credit account.

52. FMCC was awarded a judgment on July 22, 2013 in the full amount requested along with pre-judgment interest and attorney's fees.

53. Haywood filed a Notice of Appeal on August 20, 2013.

54. A *de novo* appeal was held on October 9, 2013.

55. At the *de novo* appeal, FMCC called a corporate representative Ms. Chambers to the stand, solicited testimony and authenticated documents from her.

56. Ms. Chambers testified that FMCC mailed a letter to Haywood dated April 11, 2013 that made disclosures to Haywood in addition to the post-sale notice almost a year after FMCC mailed the original post-sale notice.

57. Also at the *de novo* appeal, Haywood was called to testify and was subject to cross-examination from FMCC.

58. On October 16, 2013, Circuit Court Judge Pamela White entered an opinion and order vacating the judgment of the District Court of Maryland for Baltimore City and entering judgment in favor of Haywood.

59. Specifically, Judge White found that FMCC violated CLEC 12-1021(j)(2) by failing to provide accurate and adequate notice to Haywood.

60. Moreover, Judge White disallowed FMCC's claim to any deficiency under CLEC or the RISC.

## V. CLASS ACTION ALLEGATIONS

61. Named Plaintiff brings this action on behalf of a Class which consists of:

> **All persons whose personal property was repossessed by FMCC in connection with a credit contract governed by CLEC and sold at a Tuesday Sale at Manheim Baltimore Washington prior to March 1, 2013.**

Excluded from the Class are those individuals: (a) who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (b) whose credit accounts were discharged in a bankruptcy; and (c) whose credit account resulted in a judgment prior to the date of the filing of this action.

62. The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

63. The Class consists, at a minimum, of more than one hundred borrowers who entered into a CLEC credit contract directly with or that was assigned to FMCC and whose personal property was subsequently repossessed and sold at the Manheim Baltimore Washington's Tuesday Sale prior to March 1, 2013, and is thus so numerous that joinder of all

members is clearly impracticable.

64. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

65. The common and predominating questions include, but are not limited to:

(a) Whether the Tuesday Sales at Manheim Baltimore Washington prior to March 1, 2013 are private sales;

(b) Whether FMCC failed to provide full post-sale notice disclosures required by and compliant with CLEC § 12-1021(j)(2) to borrowers whose personal property was repossessed and sold at the Tuesday Sale prior to March 1, 2013; and

(c) Whether FMCC breached the class credit contracts by failing to comply with CLEC.

66. Claims of Named Plaintiff are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of FMCC.

67. Plaintiff will fairly and adequately protect the interests of the Class.

68. Plaintiff is committed to vigorously litigating this matter.

69. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

70. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

71. FMCC's actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole within the meaning of MD. RULE 2-231(b)(2).

72. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. MD. RULE 2-231(b)(3).

73. A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(b)(3).

74. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

75. The likelihood that individual members of the Class will prosecute separate actions is remote also because each individual claim involves a small amount.

76. Counsel for Plaintiff is experienced in class actions and foresees little difficulty in the management of this case as a class action.

**VI.    CAUSE OF ACTION**

**COUNT ONE**
**(MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)**

77. Haywood re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

78. CLEC requires credit grantors to provide post-sale notices and the information that is required to be contained there within with respect to repossession of secured property.

79. In violation of CLEC, FMCC failed to provide Named Plaintiff and the Class with the required post-sale notices and information that must be contained there within, including but not limited to: (1) the name and address of the purchaser; (2) the number of bids sought; (3) the number of bids received; and (4) any information about the condition of the vehicle at the time of sale that would cause an increase or decrease above or below the market value for goods of like kind and quality.

## COUNT TWO
## (BREACH OF CONTRACT)

80. Haywood re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

81. CLEC was in effect at the time Named Plaintiff and all other Class Members' credit contracts were signed.

82. FMCC specifically and unequivocally elected CLEC as the controlling law in its credit contracts with Named Plaintiff and all Class Members.

83. FMCC specifically and unequivocally incorporated the CLEC statute into Named Plaintiff and all Class Member credit contracts.

84. The provisions of CLEC became a part of the contracts just as if the parties expressly included the CLEC provisions in their credit contracts.

85. When FMCC violated CLEC as set forth herein, FMCC materially breached its contracts with Named Plaintiff and the Class.

86. As a result of FMCC's breach of contract with Named Plaintiff and the Class, Named Plaintiff and the Class have been damaged.

87. Named Plaintiff and the Class have been deprived of the substantial rights granted to them by CLEC and under their contracts as set forth above.

88. Named Plaintiff and the Class sustained damages and losses due to these breaches of contract.

## COUNT THREE
## VIOLATION OF MARYLAND CONSUMER DEBT COLLECTION ACT

89. Haywood re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

90. MCDCA states that a "collector" while collecting or attempting to collect a debt may not claim, attempt, or threaten to enforce a right with knowledge that the right does not exist. MCDCA § 14-202(8).

91. As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), FMCC and its agents and employees are prohibited from abusing or harassing Named Plaintiff and Class Members in any way enumerated in MCDCA § 14-202 while collecting or attempting to collect an alleged debt.

92. The foregoing acts and omissions of FMCC constitutes multiple violations of the MCDCA against Haywood and the Class.

93. As a result of FMCC's harassing and abusive debt collection practices in violation of the MCDCA, FMCC has caused Named Plaintiff and the Class actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. assume jurisdiction of this case;

B. enter an order certifying the Class under MD. RULE 2-231(b)(2) and (b)(3); and

C. enter an order declaring the rights of Named Plaintiff and the Class in accordance with CLEC § 12-1018;

D. enter judgment in favor of Named Plaintiff and the Class for such actual damages as the evidence shall warrant;

E. require FMCC to disgorge all sums collected from Named Plaintiff and the Class with respect to amounts paid after the sale of personal property;

F. award attorney's fees and costs;

G. enter an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and the Class; and

H. award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: March 27, 2014     By: _____
Cory L. Zajdel, Esq.
301 Main Street, Suite 2-D
Reisterstown, Maryland 21136
(443) 213-1977
clz@zlawmaryland.com

**Attorney for Plaintiff**

## JURY TRIAL

Named Plaintiff on behalf of herself and all others similarly situated demands trial by jury on all issues so triable.

_____
Cory L. Zajdel