UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |  |
|---|---|---|
| MICHELLE HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 1:14-cv-01671-RDB |
| v. | ) | |
| | ) | |
| FORD MOTOR CREDIT | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
<u>ARBITRATION AND FOR STAY PENDING ARBITRATION</u>**

This purported class action arises from Plaintiff Michelle Haywood's

purchase of a vehicle from a Maryland car dealership that assigned its rights under

the contract to Ford Motor Credit Company LLC ("Ford Credit").  Ms. Haywood

has asserted claims against Ford Credit for allegedly "violating statutory and

contractual obligations" in connection with Ford Credit's post-repossession sale of

the vehicle following Ms. Haywood's default under her retail installment contract,

under which she now has no further indebtedness.  In that contract, however, Ms.

Haywood agreed to have decided by arbitration "any Claim related to this

contract," expressly including any claim "arising out of or relating to" the retail

installment contract "or any resulting transaction or relationship."  Because the

claims raised in Ms. Haywood's complaint fall squarely within the scope of the

arbitration provision, Ms. Haywood should be compelled to arbitrate her claims,

and this action should be stayed pending arbitration.

## I.   FACTUAL BACKGROUND

On January 28, 2006, Ms. Haywood executed a retail installment contract

for the purchase of a new Ford Focus from Apple Ford in Columbia, Maryland.

(Complaint [Dkt. #2] ¶¶ 19, 20.)  A copy of the contract is attached as Exhibit "1"

to the Declaration of Wendy Smith.[1]  The contract contains an arbitration

provision, which provides in relevant part:

> Either you or Creditor ("us" or "we") (each, a "Party") may choose at
> any time, including after a lawsuit is filed, to have any Claim related
> to this contract decided by arbitration.  Such Claims include but are
> not limited to the following:  1) Claims in contract, tort, regulatory or
> otherwise; 2) Claims regarding the interpretation, scope, or validity of
> this clause, or arbitrability of any issue; 3) Claims between you and
> us, your/our employees, agents, successors, assigns, subsidiaries, or
> affiliates; 4) Claims arising out of or relating to your application for
> credit, this contract, or any resulting transaction or relationship,
> including that with the dealer, or any such relationship with third
> parties who do not sign this contract.

---

[1] The Declaration of Wendy Smith is attached as Exhibit "A" to Ford Credit's Motion to Compel Arbitration and for Stay Pending Arbitration.

(Smith Decl. ¶ 4 & Ex. 1 at 4.)  The complete arbitration provision is reproduced

on Exhibit "A" hereto.  The provision is in a separate box under the heading,

"READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS

ENTIRETY/ARBITRATION."  (Smith Decl. Ex. 1 at 4.)  And on the front of the

contract, in a box immediately adjacent to Ms. Haywood's signature, is the

statement "YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE

TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE

SIDE OF THIS CONTRACT."  (*Id.* Ex. 1 at p. 2.)

Apple Ford assigned the contract to Ford Credit.  (Compl. ¶ 25.)  It is

undisputed that Ms. Haywood defaulted on her monthly payment obligations and

Ford Credit repossessed the vehicle as authorized by the contract.  (*Id*. ¶ 30.)

Following repossession and auction of the vehicle, Ford Credit applied the auction

proceeds to the debt and filed an action against Ms. Haywood in the District Court

of Maryland for Baltimore City to recover the deficiency balance owed under her

contract.  (*Id*. ¶ 50.)  Ms. Haywood did not contest Ford Credit's claim in that

court, and a judgment was entered against her.  (*Id.* ¶ 52.)

Ms. Haywood appealed the judgment to the Circuit Court for

Baltimore City.  (*Id*. ¶¶ 53, 54.)  The Circuit Court, considering the case *de novo*,

vacated the District Court's judgment in Ford Credit's favor and relieved Ms.

3

Haywood of any deficiency obligation under the contract.  (*Id.* ¶ 58.)  Ms.

Haywood made no affirmative claims against Ford Credit in those proceedings.

On March 31, 2014, Ms. Haywood filed this putative class action in

the Circuit Court of Maryland for Baltimore City, asserting violations of

Maryland's Credit Grantor Closed End Credit Provisions and other claims in

connection with Ford Credit's post-repossession sale of the 2006 Ford Focus and

seeking unspecified "actual damages" for herself.  (*Id.* ¶ 93.)  Ford Credit removed

the action to this Court on May 23, 2014, and has moved to compel arbitration of

Ms. Haywood's claims and to stay the action pending arbitration.

## II.   ARGUMENT

"Under the Federal Arbitration Act (the "FAA"), a court must stay

'any suit or proceeding' pending arbitration of 'any issue referable to arbitration

under an agreement in writing for such arbitration.'"  *Hill v. PeopleSoft USA, Inc.*,

412 F.3d 540, 543 (4th Cir. 2005) (quoting 9 U.S.C. § 3).  In deciding whether a

party agreed to arbitrate a particular dispute, a court applies state-law principles of

contract formation "with a healthy regard for the federal policy favoring

arbitration."  *Johnson v. Circuit City Stores, Inc.,* 148 F.3d 373, 377 (4th Cir.

1998) (citation omitted).

The Fourth Circuit has set forth four prerequisites to an order compelling arbitration:  "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute."  *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991); *see also Eze v. College Network, Inc.*, 2012 WL 2711392, at *2 (D. Md. July 6, 2012).  Each requirement is met here.

(1)  There is a dispute between the parties, as demonstrated by Ms. Haywood's having filed this action against Ford Credit.  *See, e.g., Sarki v. Ourisman RTE 198 Sales, Inc.*, 2013 WL 5771041, at *3 (D. Md. Oct. 23, 2013) ("a dispute between the two parties exists in light of Plaintiff's FLSA claims").

(2) There is also a written arbitration agreement which applies to "any Claim related to" the contract under which Ms. Haywood purchased the 2006 Ford Focus, including any claim "arising out of or relating to . . . any resulting transaction or relationship . . . ."  (Smith Decl. Ex. 1 at 4.)  Plaintiff's statutory and breach-of-contract claims all relate to Ford Credit's repossession and disposition of the 2006 Ford Focus, and all fall squarely within the agreement to arbitrate "any Claim related to" the contract for purchase of the vehicle.

(3) The contract for the purchase of the Ford Focus also "evidenc[es] a transaction involving commerce."  9 U.S.C. § 2.  The contract is for the purchase of a motor vehicle – an inherently "interstate" good – and the contract refers expressly to the automobile dealer's assignment to Ford Credit, a Delaware limited liability company with its principal place of business in Michigan, of the dealer's rights under the contract.  *See Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 697-98 (4th Cir. 2012) (FAA applies to finance agreement with out-of-state finance company for auto purchase transaction); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273 (1995); *cf. Sarki*, 2013 WL 5771041, at *3 ("the transaction relates to interstate commerce because it arises out of an employment relationship with a car dealer") (citing *United States v. Lopez*, 514 U.S. 549, 558-59 (1995).  The arbitration provision specifically recites that it is subject to the FAA.

(4) Finally, Ms. Haywood has refused to arbitrate her dispute with Ford Credit, as shown by her having filed the complaint against Ford Credit in this case.  *See, e.g.*, *Bobys & Assocs. v. Paetec Commc'ns, Inc.*, 2013 WL 4543511, at *3 (D. Md. Aug. 26, 2013) ("the fact that Plaintiff filed the suit in state court as opposed to arbitrating it shows that Plaintiff refuses to arbitrate it").

### III.   <u>CONCLUSION</u>

The claims asserted in Ms. Haywood's complaint against Ford Credit fall squarely within her written agreement to arbitrate.  Accordingly, and for the reasons discussed above, Ford Credit's motion to compel arbitration should be granted and this action should be stayed pending arbitration.


                                                    */s/ Valerie S. Sanders*

Scott E. Peters (Bar No. 27124)             Thomas M. Byrne (*pro hac vice*)
Thieblot Ryan P.A.                          Valerie S. Sanders (*pro hac vice*)
810 Glen Eagles Court, Suite 312            Sutherland Asbill & Brennan LLP
Baltimore, Maryland  21286                  999 Peachtree Street, NE, Suite 2300
410.837.1140 (t)                            Atlanta, Georgia  30309-3996
410.296.4990 (f)                            404.853.8000 (t)
speters@trm-h.com                           404.853.8806 (f)
                                            tom.byrne@sutherland.com
                                            valerie.sanders@sutherland.com


Attorneys for Defendant Ford Motor Credit Company LLC

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of June, 2014, I electronically filed

the foregoing **Defendant Ford Motor Credit Company LLC's Memorandum in**

**Support of Motion to Compel Arbitration and for Stay Pending Arbitration**

with the Clerk of Court using the CM/ECF system which will automatically send e-

mail notification of such filing to the following attorney of record:

> Cory L. Zajdel
> Z Law, LLC
> 301 Main Street, Suite 2-D
> Reisterstown, Maryland  21136
> clz@zlawmaryland.com

> */s/ Valerie S. Sanders*
> Valerie S. Sanders